IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH ROSARIO,<br><br>Plaintiff,<br><br>vs.<br><br>EDWARD STRAWN, WARDEN; DEVYN BREESE, COUNSELOR; CAPTAIN RESTANIO, DONALD E. WAUGH, DEPUTY WARDEN; CHRISTOPHER M. CAIN, DEPUTY WARDEN; MAJOR CODDINGTON, SERGEANT POLPECK,<br><br>Defendants. | ) | Civil Action No. 2:19-cv-01040<br><br>District Judge Robert J. Colville<br>Magistrate Judge Maureen P. Kelly |

**MEMORANDUM ORDER OF COURT**

Before the Court is a Motion to Dismiss filed by Defendant Devyn Breese ("Breese") (ECF No. 53) and a Partial Motion to Dismiss filed by Defendants Edward Strawn ("Strawn"), Christopher M. Cain ("Cain"), Donald E. Waugh ("Waugh"), Major David Coddington ("Coddington"), and Captain Jamie Lynn Restanio ("Restanio") (ECF No. 57).[1] The Moving Defendants seek dismissal of claims brought against them in the operative Second Amended Complaint (the "Complaint")[2] (ECF No. 51) filed by Plaintiff Keith Rosario ("Rosario") in this matter. Also before the Court is a "Motion to Dismiss Without Prejudice" (ECF No. 97) filed by Rosario.

[1] The Court shall refer to the Defendants whose Motions to Dismiss were the subject of Judge Kelly's July 29, 2020 Report and Recommendation (ECF No. 88) collectively as the "Moving Defendants."

[2] Rosario filed his first Amended Complaint (ECF No. 22) on November 20, 2019. In December 2019, Rosario sought and was granted leave to file his Second Amended Complaint, which he filed on January 14, 2020.

## I. Relevant Background

The Honorable Maureen P. Kelly issued a Report and Recommendation[3] (ECF No. 88) in this matter on July 29, 2020. Judge Kelly's Report and Recommendation recommends that the Court grant in part and deny in part the Partial Motion to Dismiss brought by Strawn, Cain, Waugh, Coddington, and Restanio. R & R 25, ECF No. 88. The Report and Recommendation recommends that the Court grant the Partial Motion to Dismiss as to Counts A, C, D, E, F, and G. *Id*. The Report and Recommendation further recommends that the Court dismiss Rosario's claims against Strawn, Cain, Waugh, Coddington, and Restanio at Counts A, C, E, F, and G with prejudice,[4] and that the Court dismiss Count D against these Defendants without prejudice and with leave to amend to the extent that the identified pleading deficiencies can be cured. *Id*. Judge Kelly's Report and Recommendation also recommends that this Court deny the Partial Motion to Dismiss with respect to Count B, which sets forth a claim for retaliation in violation of the First Amendment against Strawn, Cain, and Waugh, because the Complaint sufficiently states a claim for retaliation at this stage of the proceedings. *Id.* at 14; 25.

---

[3] Cited to in this Memorandum Order as "R & R."

[4] The Court notes that Strawn, Cain, Waugh, Coddington, and Restanio's Motion is a "Partial Motion" because it does not, at this time, challenge Rosario's allegations related to Rosario's conditions of confinement and/or his procedural due process claim under the Fourteenth Amendment, as Strawn, Cain, Waugh, Coddington, and Restanio believe that "those allegations are appropriately addressed following discovery and development of the record." Strawn Br. in Supp. 2, ECF No. 58. Judge Kelly's Report and Recommendation addresses Count E, which asserts violations of both the Fifth and Fourteenth Amendments, only as to Rosario's due process claim under the Fifth Amendment. *See* R & R 18, ECF No. 88 ("The Corrections Defendants assert that they are state actors, and the Fifth Amendment's due process clause only protects against federal action. In response, Plaintiff concedes that the Fifth Amendment does not apply." (internal citation omitted)). Accordingly, while it is recommended that Count E be dismissed with prejudice generally in the Conclusion section of the Report and Recommendation, *see* R & R 25, ECF No. 88, the Court interprets the directive at page 18 of the Report and Recommendation, specifically that Rosario's *Fifth Amendment claim at Count E* should be dismissed with prejudice, *see id.* at 18, to recommend that Count E be dismissed with prejudice only to the extent that it asserts a violation of Rosario's Fifth Amendment due process rights. As such, the Report and Recommendation recommends that Count E should be dismissed with prejudice to the extent that it is brought pursuant to the Fifth Amendment, and that it should survive this stage of proceedings only to the extent that it is brought under the Fourteenth Amendment. In any event, the Court notes that Rosario seeks dismissal without prejudice of all of his claims in this action, including Count E, except for his First Amendment retaliation claim (Count B) against Strawn, Cain, and Waugh. This issue will be discussed in further detail below.

With respect to Breese's Motion to Dismiss, the Report and Recommendation recommends that the Court grant the Motion as to Rosario's claims against Breese at Counts C, D, and G. R & R 25, ECF No. 88. The Court notes that the Conclusion section of the Report and Recommendation recommends dismissal with prejudice of "all claims" brought against Breese. *Id*. In analyzing Rosario's claim for bystander liability under the Fourteenth Amendment (Count C) against Breese, the Report and Recommendation provides that the claim should be dismissed because the "duty to intervene [presented] in this situation does not extend to medical providers." *Id.* at 23. The Report and Recommendation further provides: "[t]o the extent [Rosario] argues in response that Breese failed to care for [Rosario's] mental health symptoms, this claim is more appropriately asserted as a failure to provide medical care under the Eighth Amendment. Thus, the Court should dismiss this claim with leave to amend as appropriate." *Id*. As such, the Court interprets the Report and Recommendation to recommend dismissal with prejudice of the claims set forth at Counts C (bystander liability), D (conspiracy), and G (*Monell* claim) as currently pled against Breese, but with leave to amend the Complaint as to Breese to potentially set forth a claim for failure to provide medical care under the Eighth Amendment.[5]

Judge Kelly's Report and Recommendation informed the parties that they were permitted to file written objections to the Report and Recommendation by August 12, 2020 for Registered ECF Users and August 17, 2020 for Unregistered ECF Users. R & R 25, ECF No. 88. On August 11, 2020, Rosario sought an extension of the deadline to file objections, *see* Mot. 1, ECF No. 91, and Judge Kelly entered an Order on August 12, 2020 granting an extension of the deadline for the filing of objections to September 17, 2020, *see* Order, ECF No. 92. To date, neither the Moving Defendants nor Rosario have filed objections to the Report and Recommendation. Rather, on

[5] For reasons discussed below, this interpretation is ultimately of no consequence in light of Rosario's request that all claims against Breese be dismissed without prejudice.

September 21, 2020, Rosario filed his "Motion to Dismiss Without Prejudice," which is dated September 14, 2020.

In his "Motion to Dismiss," Rosario asserts that he wishes to partially withdraw the Complaint without prejudice because the Complaint is "unartfully plead" and because "a state proceeding is proper for the withdrawn claims." Pl.'s Mot. ¶ 3(a)-(b), ECF No. 97. Rosario's Motion does not challenge or object to the recommendations set forth in Judge Kelly's Report and Recommendation, but rather seemingly acknowledges that the Complaint is insufficient as currently pled. Rosario requests dismissal, without prejudice, of Counts A, C, D, E, F, and G of the Complaint, *id.* at ¶ 4-5, i.e. each of the Counts which Judge Kelly's Report and Recommendation recommends should be dismissed in some manner with respect to the Moving Defendants.[6] Rosario requests to proceed before this Court as to only his First Amendment retaliation claim (Count B) against Strawn, Cain, and Waugh, which arises out of Rosario's alleged transfers to two different jails as alleged retaliation for his threat to file a lawsuit against prison staff. *Id.* at ¶ 6. While pro se pleadings and filings are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), these two clear requests set forth in Rosario's "Motion to Dismiss Without Prejudice," when considered in conjunction, can only reasonably be interpreted to request the dismissal of all claims in the Complaint against all Defendants except for Count B, which is brought against only Strawn, Cain, and Waugh in relation to alleged retaliatory transfers to other jails.

## II. Analysis

With respect to a report and recommendation filed by a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(C), a district court must make a de novo determination of those portions of the

[6] Rosario also explicitly requests that the Complaint be dismissed without prejudice with respect to Breese. Pl.'s Mot. ¶ 5, ECF No. 97.

report to which objections are made. 28 U.S.C. § 636(b)(1)(C); *see also Henderson v. Carlson*, 812 F.2d 874, 877 (3d Cir.1987). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. *Id*. The Court notes that "[t]he magistrate judge's report and recommendation does not have the force of law, it being merely a recommendation, unless and until the district court enters an order accepting or rejecting it." *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 250 (3d Cir. 1998) (citing *United Steelworkers of America v. New Jersey Zinc Co., Inc.*, 828 F.2d 1001, 1005 (3d Cir.1987)).

Rosario's filing of a "Motion to Dismiss Without Prejudice," as opposed to objections, with respect to less than all of his claims presents a complicated procedural scenario. Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that, "[s]ubject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute," a plaintiff may, without a court order, dismiss "an action" by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Because Rosario's "Motion to Dismiss Without Prejudice" seeks to "withdraw" certain of his claims without prejudice, *see* Pl.'s Mot. ¶ 3, and because no Defendant has filed an answer or motion for summary judgment in this matter,[7] the Court finds that Rosario's "Motion to Dismiss Without Prejudice" should be construed as a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). With respect to notices of voluntary dismissal, the United States Court of Appeals for the Third Circuit has explained:

[7] None of the Motions to Dismiss filed in this action have been converted to motions for summary judgment. "[B]ecause a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is neither an answer nor a motion for summary judgment, its filing generally does not cut off a plaintiff's right to dismiss by notice. Only when a motion filed under Fed.R.Civ.P. 12(b)(6) is converted by the district court into a motion for summary judgment does it bar voluntary dismissal." *In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 166 (3d Cir. 2008) (internal citation omitted) (citing *Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1066 (3d Cir. 1987)).

> Three key aspects of Rule 41(a)(1)(A)(i) control our analysis. First, a filing under the Rule is a notice, not a motion. Its effect is automatic: the defendant does not file a response, and no order of the district court is needed to end the action. Second, the notice results in a dismissal without prejudice (unless it states otherwise), as long as the plaintiff has never dismissed an action based on or including the same claim in a prior case. Third, the defendant has only two options for cutting off the plaintiff's right to end the case by notice: serving on the plaintiff an answer or a motion for summary judgment.

*In re Bath & Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 165 (3d Cir. 2008) (footnote omitted).

With respect to Rule 41(a)(1)(A)(i), the Third Circuit further explained:

> The Rule "affixes a bright-line test to limit the right of dismissal to the early stages of litigation," [*Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1065 (3d Cir. 1987)], which "simplifies the court's task by telling it whether a suit has reached the point of no return. If the defendant has served either an answer or a summary judgment motion it has; if the defendant has served neither, it has not." *Id.* (quoting *Winterland Concessions Co. v. Smith*, 706 F.2d 793, 795 (7th Cir.1983)). Up to the "point of no return," dismissal is automatic and immediate—the right of a plaintiff is "unfettered," *Carter v. United States*, 547 F.2d 258, 259 (5th Cir.1977). A timely notice of voluntary dismissal invites no response from the district court and permits no interference by it.

*In re Bath & Kitchen Fixtures*, 535 F.3d at 165.

Because the Defendants in this action have not filed answers or motions for summary judgment, Rosario's notice of voluntary dismissal is timely. Had Rosario moved to dismiss all of the claims in this action, and not just those that Judge Kelly's Report and Recommendation recommends should be dismissed, this Court's analysis would be at an end.[8] The Court notes, however, that Rosario's notice of voluntary dismissal is procedurally improper as to Defendants Strawn, Cain, and Waugh. "In an action with multiple defendants, voluntary dismissal of all claims against a single defendant is permitted under Rule 41(a); however, voluntary dismissal of some, but not all claims, against a single defendant is not permitted under Rule 41(a)." *Chan v. Cty. of*

---

[8] The Court notes that 28 U.S.C. § 1915(g) provides a possible barrier to dismissal under Rule 41(a)(1)(A)(i) in certain situations. For reasons discussed more fully below, Section 1915(g) would not bar dismissal pursuant to Rule 41(a)(1)(A)(i) in this action at this time.

*Lancaster*, No. 10-CV-03424, 2013 WL 2412168, at *16 (E.D. Pa. June 4, 2013) (citing *Pedrina v. Han Kuk Chun*, 987 F.2d 608, 609–610 (9th Cir. 1993)); *see also Disabled in Action of Pennsylvania v. Se. Pennsylvania Transp. Auth.*, 224 F.R.D. 601, 605 (E.D. Pa. 2004) ("[*Young v. Wilky Carrier Corp.*, 150 F.2d 764 (3d Cir.1945)] has subsequently been relied upon by district courts within the Third Circuit to conclude that Rule 41(a) does allow a plaintiff to dismiss its entire claim as to one of many defendants." (citations omitted)). Rather, "[t]he proper procedural mechanism for dismissing less than all of the claims in an action is a motion to amend under Federal Rule of Civil Procedure 15(a)." *Chan*, 2013 WL 2412168, at *16.

The Complaint sets forth claims at Counts A, B, D, E, F, and G against Strawn, Cain, and Waugh. Rosario seeks dismissal without prejudice of all claims in the Complaint except for Count B. Count B sets forth a claim for retaliation in violation of the First Amendment against only Defendants Strawn, Cain, and Waugh. Compl. 9 ¶¶ 68-69, ECF No. 51. Because Rosario seeks dismissal of less than all of his claims against Defendants Strawn, Cain, and Waugh, his notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) is not proper with respect to Strawn, Cain, and Waugh. Further, because Rosario's notice of voluntary dismissal is improper with respect to these three Defendants, this Court may, and will, consider Judge Kelly's recommendations respecting the arguments set forth by Strawn, Cain, and Waugh in their Partial Motion to Dismiss as to the claims set forth against them. *See In re Bath & Kitchen Fixtures*, 535 F.3d at 166 ("A *proper* notice deprives the district court of jurisdiction to decide the merits of the case." (emphasis added)).

While the proper procedural mechanism for dismissing less than all claims is a motion to amend under Rule 15(a), *see Chan*, 2013 WL 2412168, at *16, the Court notes that Rosario asserts that he wishes to withdraw Counts A, C, D, E, F, and G because the Complaint is "unartfully

plead" and because "a state proceeding is proper for the withdrawn claims." Pl.'s Mot. ¶ 3(a)-(b), ECF No. 97. To the extent Rosario's notice of voluntary dismissal can be construed as a request to amend under Rule 15(a), the Court finds that there is no basis to permit amendment in this action as to Rosario's claims against Strawn, Cain, and Waugh at Counts A, E, to the extent that it asserts a violation of Rosario's Fifth Amendment due process rights, F, and G, each of which Judge Kelly's Report and Recommendation recommends be dismissed *with prejudice*.[9] A party may amend his or her pleading once as a matter of course as provided for under Fed. R. Civ. P. 15(a)(1), and thereafter may amend his or her pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*.

In the present matter, Judge Kelly issued a Report and Recommendation after thorough consideration of the issues raised in the Partial Motion to Dismiss filed by Strawn, Cain, and Waugh. The Report and Recommendation involves extensive review and analysis of the arguments set forth in the Motion filed by Strawn, Cain, and Waugh, as well as the allegations set forth in the Complaint. Ultimately, Judge Kelly found that Counts A, E, to the extent it asserts a violation of the Fifth Amendment, F, and G fail to state a claim, and recommended that these claims be dismissed with prejudice as to Strawn, Cain, and Waugh, and further recommended that Count D should be dismissed without prejudice. R & R 25, ECF No. 88. The Third Circuit has held that "district courts should dismiss complaints under the [Prison Litigation Reform Act] with leave to amend 'unless amendment would be inequitable or futile.'" *Dooley v. Wetzel*, 957 F.3d

[9] The Court again notes, as discussed in Footnote 4 above, that Judge Kelly's Report and Recommendation did not recommend dismissal of Count E in its entirety as to Strawn, Cain, and Waugh. Rather, the Report and Recommendation recommends that Count E be dismissed with prejudice to the extent that it asserts a violation of Rosario's Fifth Amendment due process rights, and that it survive this stage of proceedings only to the extent that it is brought under the Fourteenth Amendment.

366, 376 (3d Cir. 2020) (quoting *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110 (3d Cir. 2002)). The Report and Recommendation indicates that amendment of Counts A, E, F, and G would be futile as to Strawn, Cain, and Waugh, and this Court's independent, de novo review confirms that amendment of these claims would be futile.[10] Moreover, while Rosario asserts that his Complaint is "unartfully pled," the Court notes that it is not the *manner* in which he sets forth his claims at Counts A, E, F, and G against Defendants Strawn, Cain, and Waugh that warrants dismissal with prejudice of these claims, but rather the *substance*, or lack thereof, of the allegations set forth in the Complaint which supports a finding that amendment is futile as to these claims against Strawn, Cain, and Waugh.

With respect to Strawn, Cain, and Waugh, there is no basis in this matter to permit Rosario to amend or dismiss without prejudice Counts A, E,[11] F, and G against these Defendants, as both Judge Kelly and the undersigned, after thorough consideration, have found that these claims are incapable of being cured by amendment. Accordingly, to the extent Rosario's notice of voluntary

---

[10] The Court further notes that, to the extent Rosario's notice of voluntary dismissal could be construed as a request to amend the claims set forth against Strawn, Cain, and Waugh which Judge Kelly's Report and Recommendation recommends should be dismissed with prejudice, any such request should be denied due to Rosario's undue delay in making such a request. The Third Circuit has explained:

> Delay alone will not constitute grounds for denial. The district court has discretion to deny the request only if the plaintiff's delay in seeking to amend is undue, motivated by bad faith, or prejudicial to the opposing party. Delay becomes "undue," and thereby creates grounds for the district court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend.

*Bjorgung v. Whitetail Resort, LP*, 550 F.3d 263, 266 (3d Cir. 2008) (citations omitted); *see also Jang v. Bos. Sci. Scimed, Inc.*, 729 F.3d 357, 368 (3d Cir. 2013) (the Third Circuit, in finding that a district court did not abuse its discretion in denying a plaintiff's motion for leave to amend after the district court had granted a motion for judgment on the pleadings, explained that "[t]his court has declined to reward a wait-and-see approach to pleading."). As discussed above, Rosario has already filed two amended complaints in this action, and only sought to dismiss his present claims without prejudice following the issuance of a Report and Recommendation, which undoubtedly required the expense of significant judicial effort, that recommended dismissal of certain of his claims with prejudice. This is the exact type of wait-and-see approach to pleading disfavored in the Third Circuit, and, thus, any request to amend with respect to Rosario's claims against Strawn, Cain, and Waugh that are subject to dismissal with prejudice at this stage of the proceedings was brought with undue delay.

[11] Again, only to the extent that it asserts a violation of the Fifth Amendment.

dismissal could be considered a request, pursuant to Fed. R. Civ. P. 15(a), to amend Counts A, E, to the extent it sets forth a claim for violation of Rosario's Fifth Amendment due process rights, F, and G against Defendants Strawn, Cain, and Waugh, the request is denied.  Further, the Court agrees with the analysis and recommendations set forth in Judge Kelly's Report and Recommendation respecting the claims set forth against Defendants Strawn, Cain, and Waugh at Counts A, B, D, E, F, and G.  Accordingly, the Court will accept and adopt Judge Kelly's Report and Recommendation as the Opinion of the Court with respect to Judge Kelly's recommendations regarding the claims set forth against Strawn, Cain, and Waugh at Counts A, B, D, E, F, and G.

Having so held, the Court notes that Count E, to the extent that it asserts a violation of the Fourteenth Amendment, would survive at this stage of the proceedings as to Strawn, Cain, and Waugh but for Rosario's request to dismiss the claim without prejudice in his notice of voluntary dismissal.  Because none of the concerns regarding futility of amendment or undue delay are implicated by a voluntary dismissal without prejudice of this claim, a claim which Strawn, Cain, and Waugh concede survives this stage of the proceedings, *see* Strawn Br. in Supp. 2, ECF No. 58, the Court will permit amendment under Rule 15(a) to dismiss this claim without prejudice as to Strawn, Cain, and Waugh.  *See Chan*, 2013 WL 2412168, at *16.  To the extent Rosario elects to file an amended complaint as ultimately permitted by the present Memorandum Order, Rosario may reassert his claim set forth at Count E under the Fourteenth Amendment against Strawn, Cain, and Waugh, as well as any other claim asserted in the Second Amended Complaint against Strawn, Cain, and Waugh that has not been dismissed with prejudice by this Memorandum Order, in such an amended complaint.

Rosario's notice of voluntary dismissal does, however, seek dismissal of all claims brought against the remaining Defendants (Moving Defendants Breese, Coddington, and Restanio, as well

as Defendant Captain Daniel Popeck ("Popeck"),[12] who has also filed a Motion to Dismiss (ECF No. 82) that was not addressed in Judge Kelly's Report and Recommendation). The Court recognizes that Defendants Coddington and Restanio filed the Partial Motion to Dismiss at ECF No. 57 together with Strawn, Cain, and Waugh, that Counts D, E, F, and G are brought against each of these five of these Defendants, and that the arguments raised in support of dismissal of these claims in the Partial Motion to Dismiss are identical. The Court further recognizes that Judge Kelly's Report and Recommendation recommends a disposition of all current claims set forth against Defendant Breese, with a recommendation that the current claims against Breese be dismissed with prejudice and a further recommendation that the Court grant leave to amend the Complaint as to Breese only to potentially set forth a claim for failure to provide medical care under the Eighth Amendment. R & R 23; 25, ECF No. 88. However, as discussed above, until an answer or motion for summary judgment is filed, dismissal pursuant to Rule 41(a)(1)(A)(i), assuming the voluntary notice is properly brought, "is automatic and immediate—the right of a plaintiff is 'unfettered.'" *In re Bath & Kitchen Fixtures*, 535 F.3d at 165 (quoting *Carter v. United States*, 547 F.2d 258, 259 (5th Cir.1977)). Further, "[a] timely notice of voluntary dismissal invites no response from the district court and permits no interference by it." *Id.*

As noted above, Federal Rule of Civil Procedure 41(a)(1)(A)(i) applies "[s]ubject to . . . any applicable federal statute." One such applicable statute is Section 1915(g) of the Prison Litigation Reform Act ("PLRA"), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

[12] Defendant Popeck asserts that this action's caption incorrectly identifies him as "Sergeant Polpeck." ECF No. 82 at 1.

28 U.S.C. § 1915(g). With respect to dismissals, or "strikes," under 28 U.S.C. § 1915(g), the Third Circuit has adopted the following rule:

> A strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is "frivolous," "malicious," or "fails to state a claim" or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure.

*Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013).

In discussing Section 1915(g) and Rule 41(a)(1)(A)(i), the Honorable Joy Flowers Conti of the United States District Court for the Western District of Pennsylvania has explained:

> Here, defendants have not been served and therefore have not filed an answer or a motion for summary judgment. However, this court agrees with the numerous district courts which have held that a district court has the power to dismiss an inmate's case pursuant to screening provisions of the Prison Litigation Reform Act ("PLRA"), even when the inmate files a Rule 41 notice of dismissal after receiving a report and recommendation as to their case, but before the district court's disposition of the report and recommendation.

*Buxton v. Dougherty*, No. 15-CV-1653, 2016 WL 93428, at *2 (W.D. Pa. Jan. 8, 2016) (citing cases), *vacated on other grounds*, 686 F. App'x 125 (3d Cir. 2017). In explaining the rationale behind a similar holding, the United States District Court for the Southern District of Georgia explained:

> To allow prisoners to file complaint after complaint, wait until a magistrate judge has invested valuable time assessing the complaint and outlining its merits or deficiencies, and then dismiss only those complaints a magistrate judge has found wanting (while proceeding with any complaint determined to state a claim) would frustrate Congressional intent in enacting the PLRA, for it would allow prisoners to bombard the courts with frivolous or legally insufficient complaints and avoid receiving a strike for their conduct. To the extent that Rule 41(a) allows prisoners to play such a game, the PLRA's screening and three-strikes provisions trump the civil rule.

*Stone v. Smith*, No. CV608-088, 2009 WL 368620, at *2 (S.D. Ga. Feb. 13, 2009); *see also Bloodworth v. Timmerman-Cooper*, No. 2:10-CV-926, 2011 WL 1740031, at *4 (S.D. Ohio May 5, 2011) ("The Court agrees that, generally speaking, a plaintiff should not be allowed to dismiss a case before an adverse Report and Recommendation is adopted just to avoid a strike.").

The Court notes, however, that *Buxton*, as well as the cases cited therein for the proposition that a district court may dismiss a case pursuant to the PLRA in certain situations even where a Rule 41(a)(1)(A)(i) notice of dismissal has been filed, involved situations where a plaintiff would have incurred a strike due to dismissal of the plaintiff's *entire complaint or case* if the plaintiff's notice of voluntary dismissal was denied effect by the presiding court. In the present case, Judge Kelly's Report and Recommendation recommends that this Court deny the Partial Motion to Dismiss filed by Strawn, Cain, and Waugh with respect to Count B on the basis that Count B sufficiently states a claim for First Amendment retaliation at this stage of the proceedings. R & R 14; 25, ECF No. 88. Strawn, Cain, and Waugh have not objected to this recommendation, and this Court agrees with Judge Kelly's Report and Recommendation with respect to Count B. Accordingly, Count B will not be dismissed at this time, and Rosario's *entire Complaint* is currently not subject to dismissal.

In describing its holding in *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013), the United States Court of Appeals for the Third Circuit has explained:

> In *Byrd*, we set forth a bright-line rule: "a strike under § 1915(g) will accrue *only if the entire action* or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons."

*Brown v. Sage*, 941 F.3d 655, 663 (3d Cir. 2019), (emphasis added) *cert. denied*, 140 S. Ct. 1303, 206 L. Ed. 2d 380 (2020). This is consistent with the holdings of other circuits with respect to strikes under Section 1915(g). *See Tolbert v. Stevenson*, 635 F.3d 646, 651 (4th Cir. 2011)

(explaining that "[m]ost circuits that have examined § 1915(g) agree with our straightforward reading[,]" and holding that "'action' in § 1915(g) unambiguously means an entire case or suit. Therefore, § 1915(g) requires that a prisoner's entire 'action or appeal' be dismissed on enumerated grounds in order to count as a strike."). Further, partial dismissals as to less than all claims against all defendants do not qualify as a strike under Section 1915(g). *See Tolbert*, 635 F.3d at 648-49; 654-55 (rejecting the argument that "the calculation of strikes under § 1915(g) should include 'partial strikes' where some claims were dismissed on § 1915(g) grounds and no claim in the case ever reached adjudication on its merits[,]" and holding that, where "claims against certain defendants were dismissed upon a motion for judgment on the pleadings, while claims against other defendants were later dismissed on summary judgment[,]" a strike does not accrue because not all claims were dismissed for failure to state a claim or other enumerated reasons.); *Brown v. Megg*, 857 F.3d 287, 291 n.2 (5th Cir. 2017) ("Even circuits that rely on an 'end run around' rationale to allow strikes for dismissals partly on section 1915(g) grounds and partly for failure to exhaust civil rights claims acknowledge that strikes generally do not issue for partial dismissals.").

Because the Complaint states a claim against Strawn, Cain, and Waugh for First Amendment retaliation, the Court cannot find that Rosario would incur a strike but for the filing of his notice of voluntary dismissal. With respect to strikes under Section 1915(g), it is of no consequence that all of Rosario's claims would be dismissed for failure to state a claim as to certain defendants, so long as at least one claim survives.[13] *See Tolbert*, 635 F.3d at 654. When faced

[13] The Court notes that the meaningful distinction in this matter is the interpretation of the word "action" applied in the Third Circuit with respect to Rule 41(a)(1) and Section 1915(g). *Compare Pedrina v. Chun*, 987 F.2d 608, 609 (9th Cir. 1993) ("The answer to this question turns on our interpretation of the word 'action' in Rule 41(a)(1), and whether it refers to the entire controversy against all the defendants, or to the entirety of claims against any single defendant. . . . We agree with the First, Third, Fifth, and Eighth circuits that Rule 41(a)(1) allows a plaintiff to dismiss without a court order any defendant who has yet to serve an answer or a motion for summary judgment."), *with Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013) ("A strike under § 1915(g) will accrue only if the *entire action or appeal*

with a situation similar to that presented herein, specifically where a plaintiff sought to voluntarily dismiss his action without prejudice only after receiving an unfavorable recommendation from a magistrate judge, the United States District Court for Southern District of West Virginia determined:

> [T]he Court finds that it is proper that Plaintiff be permitted to voluntarily dismiss this Complaint without prejudice. Had the claims against Defendant Harris instead been brought by Plaintiff as part of his companion suit (no. 2:13–cv–11006), those claims would have been subject to dismissal for the same reasons identified in the PF & R. The dismissal of those claims, however, would have been only a partial dismissal of that entire case. The distinction is relevant in light of the fact that Plaintiff is an incarcerated individual and subject to the three-strikes provisions of 28 U.S.C. § 1915(g).

*Howard v. Harris*, No. 2:13-CV-11004, 2014 WL 4102496, at *2 (S.D.W. Va. Aug. 18, 2014) (citing *Tolbert*, 635 F.3d at 654). This Court's adoption of Judge Kelly's Report and Recommendation will result in only a partial dismissal of Rosario's entire case. In light of the above, this Court is constrained to find that Rosario should thus be permitted to voluntarily dismiss his claims against Defendants Breese, Coddington, Restanio, and Popeck at Counts A, C, D, E, F, and G, and that, for the reasons discussed above, only Count B against Defendants Strawn, Cain, and Waugh remains before this Court at present.

## III. Conclusion

Accordingly, for the reasons discussed above, upon review of Judge Kelly's July 29, 2020 Report and Recommendation, the Partial Motion to Dismiss filed by Strawn, Cain, Waugh, Coddington, and Restanio, the Motion to Dismiss filed by Breese, the "Motion to Dismiss Without Prejudice," which this Court has construed as a notice of voluntary dismissal pursuant to Fed. R.

is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." (emphasis added)).

Civ. P. 41(a)(1)(A)(i), filed by Rosario, and all relevant briefing, as well as a review of the entire record in this matter, it is hereby ORDERED as follows:

The Court accepts and adopts Judge Kelly's Report and Recommendation as the Opinion of the Court with respect to its recommendations regarding the claims set forth in the Complaint against Defendants Strawn, Cain, and Waugh at Counts A, B, D, E, F, and G. Accordingly, Strawn, Cain, and Waugh's Partial Motion to Dismiss is granted in part and denied in part. The Motion is granted as to Rosario's claims set forth in the Complaint against Strawn, Cain, and Waugh at Counts A, D, E, only to the extent that it asserts a violation of the Fifth Amendment, F, and G. Counts A, E, only to the extent that it asserts a violation of the Fifth Amendment, F, and G, as set forth against Strawn, Cain, and Waugh, are dismissed with prejudice, and Count D against Strawn, Cain, and Waugh is dismissed without prejudice. The Partial Motion is denied with respect to Count B of the Complaint. Count B is the only remaining claim before this Court. In light of the Court's above holdings, Rosario may, by **October 21, 2020**, file an amended complaint: (1) addressing the pleading deficiencies identified in the Report and Recommendation with respect to Count D against Strawn, Cain, and Waugh; (2) reasserting his claim set forth at Count E under the Fourteenth Amendment against Strawn, Cain, and Waugh, as well as any other claim set forth against Strawn, Cain, and Waugh asserted in the Second Amended Complaint that has not been dismissed with prejudice by this Memorandum Order; or (3) both.[14] To the extent that Rosario elects to file an amended complaint, Strawn, Cain, and Waugh shall file responses thereto within twenty-one (21) days of Rosario's filing of an amended complaint. If Rosario does not file an

[14] Because Rosario has dismissed his claims against the other Defendants in this action without prejudice, this Court provides no deadline with respect to any claims he may wish to assert as to those Defendants, particularly in light of his asserted desire to file a state court proceeding, *see* Pl.'s Mot. ¶ 3(a)-(b), ECF No. 97.

amended complaint by October 21, 2020, Strawn, Cain, and Waugh shall answer the operative Second Amended Complaint (ECF No. 51) by November 11, 2020.

The Court further finds, for the reasons discussed in detail above, that Rosario should be permitted to dismiss without prejudice all of his claims against Defendants Breese, Coddington, Restanio, and Popeck at Counts A, C, D, E, F, and G, as requested in his "Motion to Dismiss Without Prejudice," which this Court has construed as a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). Accordingly, the Court finds that Rosario's claims against Defendants Breese, Coddington, Restanio, and Popeck have been dismissed by Rosario without prejudice. Because Rosario's claims against Breese, Coddington, Restanio, and Popeck have been voluntarily dismissed, Breese's Motion to Dismiss, Coddington and Restanio's Motion to Dismiss,[15] and Popeck's Motion to Dismiss are all moot, as are any recommendations set forth in Judge Kelly's Report and Recommendation with respect to the Motions to Dismiss filed by Breese and Coddington and Restanio. Accordingly, Breese's Motion to Dismiss, Coddington and Restanio's Partial Motion to Dismiss, and Popeck's Motion to Dismiss are hereby denied as moot.

BY THE COURT:

s/*Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: September 30, 2020

[15] The Court again acknowledges that Strawn, Cain, Waugh, Coddington, and Restanio all filed the same Partial Motion to Dismiss at ECF No. 57. Because Rosario's notice of voluntary dismissal was properly brought as to Coddington and Restanio, this Court cannot address the relief requested by Coddington and Restanio in the Partial Motion to Dismiss. *See In re Bath & Kitchen Fixtures*, 535 F.3d at 166 ("A proper notice deprives the district court of jurisdiction to decide the merits of the case." (emphasis added)). Accordingly, while the Court has addressed the merits of the Partial Motion filed at ECF No. 57 to the extent that it seeks relief on behalf of Strawn, Cain, and Waugh, against whom Rosario's voluntary notice of dismissal is improper, the Court is without jurisdiction to address the relief requested by Coddington and Restanio in the same Motion. Accordingly, this Partial Motion to Dismiss is denied as moot only as to Coddington and Restanio on the basis that all of Rosario's claims against these Defendants have been voluntarily dismissed without prejudice.

cc/ecf: All counsel of record

Keith Rosario
MB-4878
SCI Albion
10745 Route 18
Albion, PA 16475